UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-Civ-20998-LENARD

CAROLYN BAILEY and
TRAVIS BAILEY,

        Plaintiffs,

v.

CITY OF MIAMI-BEACH, *et al.*,

        Defendants.
_____/

**PLAINTIFFS' RESPONSE, STATEMENT OF MATERIAL FACTS, AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CITY OF MIAMI BEACH'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

      Plaintiffs Carolyn and Travis Bailey through undersigned counsel hereby file this Response, Statement of Material Facts, and Memorandum of Law in Opposition to the City of Miami Beach's Motion for Partial Summary Judgement as to Count VII, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.5, Southern District of Florida. Defendant's motion as to Count VII should be denied because the pleadings, depositions and affidavits demonstrate that there are genuine issues of disputed material facts and that the Defendant is not entitled to judgment as a matter of law.[1]

    **I.**    **INTRODUCTION**

      Count VII of the Second Amended Complaint is a state law claim of false arrest claim by Carolyn Bailey against the City of Miami Beach. On the day of her arrest the arresting officer wrote

---

[1] Exhibits in support of Plaintiffs' Response are identified in the body of the document. Plaintiffs hereby rely on and cite to the same series of documents, affidavits, and depositions that the defendants have filed. To avoid needless duplication, Plaintiffs shall not file repetitive copies of the same documents unless requested by the Court.

1

in the arrest affidavit that Carolyn resisted the police effort to find her son by lying to them as to whether he was in the room and that she blocked their path when they tried to enter the hotel room to arrest her son. Carolyn adamantly denies this and states that she not only let the officers in but she also pointed her son out to the officers once they were in the room. In the face of these distinct, competing versions which clearly create a dispute of fact requiring their motion to be denied, the city now claims that the officers had probable cause to arrest for an entirely different offense. The problem with their argument, however, is that there are no facts to support the new charge. Defendant's motion for summary judgment should be denied.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine issue as to any material fact." Fed. R.Civ.P. 56. The moving party bears the burden of showing no dispute exists as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The Court views the evidence and all factual inferences therefrom in the light most favorable to the non-moving party and resolves all reasonable doubts about the facts in favor of the non-movant. *See Burton v. City of Belle Galde*, 178 F.3d 1175, 1178 (11th Cir.1999) (*citing Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982). The court "must draw all reasonable inferences in favor of the nonmoving party, and . . . may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150 (2000). Moreover, a court errs when it does not "consider [a plaintiff's] claim that the [the officer's] version of the arrest [is] flatly untrue." *Skop v. City of Atlanta*, 485 F.3d 1130, 1143 (11th Cir. 2007).

## III. PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN DISPUTE CORRESPONDING TO DEFENDANTS' STATEMENT OF FACTS

1. Admitted.
2. Admitted.
3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Denied. The hotel clerk did not specifically identify Carolyn Bailey as someone who was registered or who was an occupant of the room. Trial Trans. 204, 243, 246.[2] Material as to issue of probable cause.

22. Admitted.

23. Admitted.

---

[2]"Trial Trans." refers to the transcript of the trial, *State v. Travis Bailey*, F06-25127, January 28-30, 2008.

24.  Admitted.

## IV.  PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN DISPUTE RAISING FACTS NOT INCLUDED IN DEFENDANTS' STATEMENT OF FACTS

1. When Officer Torres stopped Plaintiff Travis Bailey, he questioned him about where he was from, where he was staying and what he was doing. During his interview of Travis Bailey, Officer Torres did not learn that Travis Bailey's mother, Carolyn, had accompanied him to Miami Beach and that she was at the hotel where Travis was staying. Officer Torres knew nothing about Carolyn Bailey. Officer Torres Dep. 6-10;[3] T. Bailey Dep. 39-40, 49; Trial Trans. 167-170.

2. After his encounter with Plaintiff Travis Bailey, Officer Torres spoke to Defendant Officers Holbrooke and Reina about what had occurred. During that conversation – which occurred right before Holbrooke and Reina began their search for Travis Bailey – Officer Torres did not provide Holbrooke and Reina with any information about Carolyn Bailey. Trial Trans. 184-185, 203, 241-42; Torres Dep. 17.

3. When Holbrooke and Reina arrived at the Courtyard by Marriot, they learned from the clerk that someone under the name of Bailey was registered in room 603. They did not learn from the clerk that Carolyn Bailey was in the room. Trial Trans. 204, 243, 246. Holbrooke and Reina did not know that Carolyn Bailey was the person who had checked them in and had paid for the room. Holbrooke and Reina had no knowledge of Carolyn Bailey and did not learn that Carolyn Bailey was in the hotel room until they forcibly entered the room. Holbrooke Aff. ¶ 6, 8. Riena Aff. ¶ 6, 8.[4]

4. Defendant Reina subsequently arrested Carolyn Bailey and charged her with resisting an officer without violence, in violation of Fla. Stat. 843.02. The charge was based *solely* on allegations that at the time they confronted her at the door of the hotel room, Carolyn Bailey told the officers that Travis was not in the room and that she stood in the officers' way as they entered the room. *See* C. Bailey Arrest Aff.[5] Carolyn Bailey denies that she told the officers that Travis was not in the room and denies that she tried to block the officers from entering. C. Bailey Dep. 47.

5. While searching for Travis Bailey and up to the time he entered the hotel room and met Carolyn Bailey, Defendant Reina and the other officers had no knowledge, facts

---

[3] "Officer Torres Dep." refers to the deposition of Officer Torres taken on February 5, 2007.

[4] "Holbrooke Aff." and "Reina Aff." refers to the affidavits of Defendant Oficers Holbrooke and Reina.

[5] "C. Bailey Arrest Aff." refers to the arrest affidavit of Carolyn Bailey as sworn to by Officer Reina.

4

>
> or information that Carolyn Bailey had taken any action to assist her son in eluding capture and arrest by the Miami Beach police.  *See* C. Bailey Arrest Aff.; Reina Aff. ¶¶ 6, 8.

6. The State Attorney nolle prossed the charge against Carolyn Bailey and the case was dismissed.

**V. PLAINTIFF CAROLYN BAILEY'S STATE LAW CLAIM OF FALSE ARREST IN COUNT VII SHOULD BE HEARD BY A JURY BECAUSE THERE ARE MATERIAL DISPUTES OF FACT AS TO WHETHER THE POLICE HAD PROBABLE CAUSE TO ARREST.**

In Count VII of the Second Amended Complaint, Plaintiff Carolyn Bailey sued Defendant City of Miami Beach for false arrest.  Defendant City has raised the affirmative defense of probable cause and argues that the police had probable cause to arrest Carolyn Bailey for aiding in her son's escape.

The only issue in a false arrest claim under state law is whether there was probable cause for the arrest.  Probable cause is the only affirmative defense to a claim of false arrest.  *LeGrand v. Dean*, 564 So.2d 510 (Fla. 5th DCA 1990); *Rankin v. Evans*, 133 F.3d 1425 (11th Cir. 1998).  The proper party defendant for a state law claim of false arrest is the governmental entity.  As such, Defendant City of Miami Beach does not have the "good faith" or the qualified immunity defense that an individual officer would have, and the lesser standard or "arguable" probable cause does not apply.  *Saucier v. Katz*, 533 U.S. 194 (2001); *Rankin v. Evans*, 133 F.3d 1425 (11th Cir. 1998).  There either is probable cause or there is not.  Plaintiff submits that there are genuine issues of material fact as to whether the police had probable cause to arrest Carolyn Bailey and accordingly, Defendant City of Miami Beach's motion for summary judgement as to Count VII should be denied.

**A. There are Clear, Genuine Issues of Material Fact as to Whether the Police Had Probable Cause to Arrest Carolyn Bailey.**

Defendant Reina arrested Carolyn Bailey and charged her with resisting an officer without violence, in violation of Fla. Stat. 843.02.  The factual basis for the arrest as sworn to by Reina in his arrest affidavit was that Carolyn had lied to the officers by stating that Travis was not in the room

and that she stood in the officers' way as they entered to arrest Travis. C. Bailey Arrest Aff. Plaintiff Carolyn Bailey claims that nothing like the officer's version of events ever occurred. Carolyn Bailey did not tell the police that her son was not in the room. To the contrary, she pointed Travis out as he was standing near the bed. And, she did not block the officers from entering the room. C. Bailey Dep. 47, 49. These two completing accounts as to what occurred create a material dispute of fact as to the factual basis for the arrest of Carolyn Bailey.

> **B.    There are No Facts Upon Which the Police Could Have Reasonably Believed that Carolyn Bailey Was an Accessory to Her Son's Escape.**

In the face of this clear factual conflict, however, Defendant City now claims that what Officer Reina *really* had probable cause to arrest Carolyn Bailey for, was helping her son escape the police in violation of Fla. Stat. 843.12, obstruction by aiding an escape. The problem with this argument is that at the time of the arrest, the police had no facts or information that Carolyn Bailey had done anything to assist her son in his escape. Until they barged into the hotel room, the police did not even know who Carolyn Bailey was or that she was even there.

To support their claim, the City asserts the following as the factual premise for probable cause. The police knew that Travis Bailey had committed a battery on Officer Torres and had fled. The police knew that Carolyn Bailey did not call the police to report her son and that she "allowed" her son to sleep in the hotel room. And finally, the city states that Travis and Carolyn were going to leave the next day.[6] *See* Defendants' Motion, DE 57, p. 9-10.

The city cites no fact within the officers' knowledge at the time of the arrest that Carolyn

---

[6]This "fact" – that they were leaving the next day – was not known by the police at the time of the arrest and was not learned until Travis Bailey was deposed years later after the arrest. Because probable cause is based on "what information is known by the officers ***at the time of the arrest***," *Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir. 1999) (emphasis supplied), it cannot be factored in *post hoc* to determine probable cause. Furthermore, the "fact" they were intending to leave the next day is innocuous and does not add to the probable cause calculation. *See Ruiz v. State*, 388 So.2d 610 (3rd DCA 1980), discussed in Section V. C., *infra*.

Bailey had committed a specific act to assist her son in eluding the police. The *facts* of this case instantly refute this claim. Officer Torres stopped Travis Bailey and asked him questions about what he was doing and where he was from. Torres did not learn anything about Carolyn Bailey from Travis. Travis then ran away from Office Torres. Torres then told Officers Reina and Holbrooke, who had come to his aid to help find Travis, what had happened. Torres did not pass any information about Carolyn to Reina because he did not have any; he did not even know who Carolyn was. Reina and Holbrooke then began looking for Travis. Meanwhile, Travis had ran back to the hotel room and told his mother he had just run from the police.

Less than an hour later, Reina and Holbrooke went to the Marriot and learned that there were two occupants registered in room 603 under the name of Bailey. Reina did not learn any information from the hotel clerk that Carolyn Bailey was even in the room. Thus, at the time of their entry into the room, the police had no specific facts that Carolyn Bailey had done anything to assist her son in escaping from the police. More importantly, until he entered the room, Reina did not even know that Carolyn Bailey was in Miami Beach, yet alone in room 603 of the Courtyard Marriot. *See* Plaintiff's Statement of Material Facts in Dispute Raising Facts Not Included in Defendant's Statement of Facts ("Fact Statement"), pp. 3-4, ¶¶ 1-6, *supra*.

From these facts, the city makes the leap that because Carolyn Bailey was in the hotel room where her son was found, she *must have done something* to help him to avoid detection by the police. This argument is based on rank speculation and assumption. This remarkable proposition – that the police could have believed that Carolyn committed a crime merely because she was present where her son was ultimately found – has no basis in Florida substantive criminal law.

    **C.**    **Florida Law on Obstruction Holds Directly Against the City**.

The probable cause analysis in this case requires an examination of Florida criminal law on obstruction of justice by aiding an escape. A review of substantive Florida law reveals that the facts the city asserts in support of its claim of probable cause are woefully inadequate to support a finding

7

of probable cause.

Criminal liability under Florida law for obstruction for aiding an escape, Fla. Stat. 843.12, requires an overt act done with the intent to facilitate the escape. *Bowen v. State*, 791 So.2d 44, 65 (Fla. 2nd DCA 2001) (law holds one criminally responsible who purposely assists a person known to have committed criminal acts "with an intent to assist him in avoiding punishment"); *See also Ramos v. State*, 696 So.2d 461 (4th DCA 1997).

Knowingly sharing a residence with someone known to be a wanted fugitive from another state is not sufficient to establish probable cause. In *Roberts v. State*, 318 So.2d 166 (Fla. 2nd DCA 1975), the Court found that the police did not have probable cause to arrest where the defendant lived with someone he knew was wanted by law enforcement from another state. The Court held that the "only pertinent information known to [Det.] Dorn was that appellant was sharing an apartment with a person he knew to be a fugitive from Michigan. This did not provide the probable cause necessary to arrest appellant." *Id*. at 167. As part of its holding the Court stated that there is no crime in Florida known as "harboring a fugitive" and that the common law crime of misprision of a felony for failing to report to authorities does not exist in Florida. *Id*.[7]

*Roberts* is particularly instructive to the present case. In marshaling the facts in support of its claim of probable cause, the city relies heavily on the assertion that Carolyn knew that Travis had run from the police, did not call the police to report him, and allowed him to stay in the room. *See* Defendants' Motion, DE 57, p. 9. As the Court in *Roberts* made clear over thirty years ago, it is not

---

[7]The defendant in *Roberts* was technically arrested for being an accessory after the fact by aiding another's flight from justice, in violation of Fla State. 777.03. For purposes of the present probable cause analysis, this makes no difference and is of no legal consequence. Both Fla. Stat. 777.03, Accessory Liability, and 843.12, Obstruction, contain the identical element that a person knowingly act with the intent to assist another in their escape. *See* Fla. Stat. 777.03: whoever "gives the offender any other aid, knowing that the offender had committed a crime . . . with the intent that the offender avoids or escapes detection, arrest, trial, or punishment" is guilty as an accessory after the fact; and Fla. Stat. 843.12: whoever "knowingly aids or assists a person in escaping, attempting to escape, or who has escaped" is guilty of obstructing justice."

8

a crime to fail to call and report to the authorities that a person is a fugitive. *Roberts v. State*, 318 So.2d at 167. *See also Holland v. State*, 302 So.2d 806 (Fla. 2nd DCA 1974). The Court in *Roberts* also held that there is no criminal liability for knowingly being with or living in the same place with someone who is wanted by the authorities and not turning that person in. A crime occurs only when one actively engages in specific conduct designed to assist the person to escape. Here, the city points to no fact, nor can it, where Carolyn Bailey affirmatively acted to assist her son in escaping from the police.

In *Ruiz v. State*, 388 So.2d 610 (3rd DCA 1980), the defendant was a passenger in a car when stopped by the police. The defendant got out of the car and walked away while the police questioned the driver, who then shot and killed one of the officers and severely wounded the other. Two days later the defendant was found with the accused police killer and both men tried to flee when approached by the police. The defendant's association and presence with the other was not sufficient to establish that he assisted the other's escape. The Court held that "neither the fact that Ruiz was with Valle [the accused police killer] two days after the shooting nor that they both tried to avoid being captured provides any evidence that Valle had been assisted in his attempt to escape apprehension for the murder." *Ruiz v. State*, 388 So.2d at 612.

These cases demonstrate that the law is clearly established that a person cannot be charged with aiding an escape based solely on one's association or presence with the escapee. Here, the only fact that the police can cite is Carolyn Bailey's mere presence in the room at the time the police found her son. From the time of Torres' first encounter with Travis on the street up to the time the police entered the room at the Marriot, the officers had no facts that she had done anything to secret, hide or assist her son in his escape from the police. At the time they entered the room, the officers did not even know that Carolyn Bailey was there. These facts fall far short of probable cause and the city's motion should be denied.

### D. Probable Cause Requires the Officer at the Time of the Arrest to Possess Facts – Not Assumptions – that a Person Violated the Law.

What counts for probable cause is "what information is known by the officers *at the time of the arrest*," *Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir. 1999) (emphasis supplied). The objective reasonableness standard under *Rankin v. Evans*, 133 F.3d 1425 (11th Cir. 1998), however, does not allow the police to arrest someone and then "sort it out later," particularly as in here, where Plaintiff Carolyn Bailey maintains that the police attempted to silence her by arresting her. An arrest based on an *assumption* that a person did something wrong just because he or she was present or near someone who did, fails the fundamental requirement of individualized probable cause.

It is the "facts within the officer's knowledge, of which he or she has reasonably trustworthy information," that are the core of the probable cause analysis. *Lee v. Ferrero*, 284 F.3d 1188, 1195 (11th Cir. 2002). The touchstone for establishing the reasonableness of an officer's belief that probable cause exists is what the officer knew – not assumed – at the time of the arrest. *Devenpeck v. Alford*, 543 U.S. 146 (2004). It is fundamental that if a person is present and in the company of someone for whom the police have probable cause to arrest, that mere presence or association does not give the police probable cause to arrest the person. *Ybarra v. Illinois*, 444 U.S. 85 (1979); *Holmes v. Kucynda*, 321 F.3d 1069 (11th Cir. 2003). "It seems clear beyond question that the mere fact of present association with a person whom the police have grounds to arrest" does not constitute probable cause to arrest. 2 Wayne LaFave § 3.6 c. at 333 (4th ed. 2004).

Try as it may to create a legal basis after the fact to sustain the arrest, the city cannot escape the central dispute of fact between Carolyn Bailey and the police. There are material disputes of fact as to whether Carolyn Bailey obstructed or resisted the police by lying to them as to whether her son was in the room, and whether she physically blocked the officers from going into the room to arrest Travis. The city cannot now avoid liability by claiming that the police had probable cause to arrest her for helping her son escape. Probable cause must be based on facts, not assumptions, and the

police had none to establish that Carolyn Bailey actively and intentionally assisted her son in his escape from the police.  Thus, Defendant City's motion for summary judgment as to Count VII should be denied.

**WHEREFORE,** based on the above argument and authorities, Plaintiffs respectfully request that this Court enter an Order denying Defendants' Motion for Summary Judgment as to Count VII.

>Respectfully Submitted,
>
>s/Ray Taseff
>
>_____
>
>Ray Taseff
>Florida Bar No. 352500
>Ray Taseff, P.A.
>225 Alcazar Avenue, 2nd Flr.
>Coral Gables, Florida 33134
>Ph.: 786-363-9020
>Fax: 786-363-9040
>RayTaseffPA@gmail.com
>
>COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on, June 1, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>s/ Ray Taseff
>
>Ray Taseff

## SERVICE LIST

**CAROLYN AND TRAVIS BAILEY V.  CITY OF MIAMI BEACH,** *et al.*
**CASE NO. 10-CIV-20998-LENARD**

Robert Rosenwald
Office of the City Attorney
1700 Convention Center Drive, 4th Floor
Miami Beach, Florida 33139
Ph. (305) 673-7470
Fax (305) 673-7002
Counsel for Defendant City of Miami Beach

Joshua Michael Entin
Mendy Halberstam
Rosen Switkes & Entin P.L.
407 Lincoln Road
Penthouse SE
Miami Beach, FL 33139
Phone: 305-534-4757
Fax: 305-538-5504
Email: jentin@rosenandswitkes.com
Counsel for Defendant Officers